UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TOFT, | No. 2:22-cv-0016 DB P |
| Petitioner, | |
| v. | ORDER AND |
| JOHN D'AGOSTINI, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner, a pretrial detainee housed at the El Dorado County Jail, filed a petition for a writ of habeas corpus and an affidavit in support of an application to proceed in forma pauperis. Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a). Because petitioner is a pretrial detainee, the court construes the petition as being brought under 28 U.S.C. § 2241.[1]

**I. Petitioner's Allegations**

Petitioner seeks relief pertaining to the bail process or the amount set for bail in his state criminal case. (ECF No. 1 at 3.) Petitioner alleges he has been out on bail but has also been jailed five times, including three times when he showed up to court. (Id.) He alleges he paid $87.00 to

---

[1] As a pretrial detainee, petitioner is not in custody "pursuant to the judgment of a state court," 28 U.S.C. § 2254, and therefore brings his petition under 28 U.S.C. § 2241(c)(3). McNeely v. Blanas, 336 F.3d 822, 824 n. 1 (9th Cir. 2003).

1

be on the court docket and was still jailed (Id.) And further, "sometimes I have no bail amount. Other weeks it's $50.00 or 100,000 now it's $150.00 for bail." (Id.) Petitioner also states he was "posted county's most wanted" and lost his job. (Id.)

**II.  Applicable 28 U.S.C. § 2241 and Screening Standards**

The court has authority to entertain a petition for a writ of habeas corpus by a person in custody who is not yet convicted or sentenced. See McNeely v. Blanas, 336 F.3d 822, 824 n. 1 (9th Cir. 2003); 28 U.S.C. § 2241(c)(3). Although there is no exhaustion requirement for a petition brought under 28 U.S.C. § 2241(c)(3), principles of federalism and comity require that this court abstain and not entertain a pretrial habeas challenge unless the petitioner shows: (1) exhaustion of available state judicial remedies, and (2) "special circumstances" warrant federal intervention. Carden v. Montana, 626 F.2d 82, 83-84 & n. 1 (9th Cir.), cert. denied, 449 U.S. 1014 (1980); see also Younger v. Harris, 401 U.S. 37, 43-54 (1971); Samuels v. Mackell, 401 U.S. 66, 68-74 (1971) (under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances).

In screening the habeas petition brought under 28 U.S.C. § 2241, the court applies the Rule 4 framework of the Rules Governing Section 2254 Cases in the United States District Courts. See 28 U.S.C. foll. § 2254, Rule 4; see also Id., Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."). If it plainly appears from the petition, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, then the petition must be dismissed. Id., Rule 4.

The court may summarily dismiss a petition for writ of habeas corpus on its own motion after providing the petitioner with adequate notice and an opportunity to respond. Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001). A court should not dismiss a petition for habeas corpus without leave to amend unless it appears no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

////

////

### III. Discussion

Petitioner does not allege to have exhausted state remedies. Nothing about the petitioner's allegations suggest an exception to the exhaustion requirement is warranted. In addition, the petition does not allege special circumstances that would warrant federal intervention. The exception for "special circumstances" is limited to "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." Perez v. Ledesma, 401 U.S. 82, 85 (1971); Carden, 626 F.2d at 84.

Petitioner's allegations concerning bail matters can and should be addressed by the state courts prior to any review by this court. See, e.g., Dudley v. Niell, No. 3:15-CV-1434-D-BK, 2015 WL 6855635, at *4 (N.D. Tex. Oct. 9, 2015) ("[A] challenge to the reasonableness of a pretrial bond is cognizable in a federal habeas corpus action after exhaustion of state court remedies."), rep. and rec. adopted, 2015 WL 6809296 (N.D. Tex. Nov. 6, 2015) Lazarus v. Baca, No. CV 10-1423 GHK (FFM), 2010 WL 1006572, at *6 (C.D. Cal. Mar. 17, 2010) (court abstains from considering bail claim prior to exhaustion in state court, noting "state proceedings provide petitioner with an adequate opportunity to litigate her constitutional claims."), aff'd, 389 F. App'x 700 (9th Cir. 2010); Peterson v. Contra Costa County Sup. Ct., No. C03-5534 MMC (PR), 2004 WL 443457, at *1-2 (N.D. Cal. Mar. 2, 2004) (abstaining on Younger grounds pretrial detainee's claim under 42 U.S.C. § 1983 of violation of right to reasonable bail).

Petitioner has not exhausted state court remedies and petitioner's bail situation does not involve the type of "unusual circumstances" that might justify an exception to Younger abstention. See Carden, 626 F.2d at 83-34. For these reasons, the § 2241 petition should be dismissed without prejudice.

### IV. Conclusion and Order

In accordance with the above, IT IS ORDERED:

1. The motion to proceed in forma pauperis (ECF No. 5) is granted; and
2. The Clerk of the Court shall assign a district judge to this case.

3

In ADDITION, IT IS HEREBY RECOMMENDED:

1. The petition for writ of habeas corpus be dismissed without prejudice; and

2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 7, 2022

DLB7
toft0016.scrn.fr

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

4